IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shirley Stidmon, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Leading Edge Recovery Solutions, LLC, )<br>an Illinois limited liability company, )<br>)<br>Defendant. ) | <br><br><br><br><br>No.   10 C 5302<br><br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Shirley Stidmon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.  Plaintiff, Shirley Stidmon ("Stidmon"), is a citizen of the State of Georgia, from whom Defendant continued to attempt to collect a delinquent consumer, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois, LERS operates a nationwide collection agency, and collects debts from consumers in virtually every state, including the State of Illinois. Moreover, LERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Stidmon.

5. Defendant LERS is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, LERS conducts business in Illinois.

6. Moreover, Defendant LERS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, LERS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Stidmon is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant LERS began trying to collect a delinquent debt from Ms. Stidmon, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant LERS's collection actions.

8. Accordingly, on March 24, 2010, one of Ms. Stidmon's attorneys at LASPD told LERS, in writing, that Ms. Stidmon was represented by counsel, and directed LERS to cease contacting her, and to cease all further collection activities because Ms.

Stidmon was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on July 14, 2010, Defendant LERS's debt collector, "LeShawn Adams" demanded, in a telephone call with LASPD, that Ms. Stidmon pay the debt at issue.

10. Accordingly, on July 14, 2010, one of Ms. Stidmon's LASPD attorneys again wrote to Defendant, to demand that LERS cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. All of Defendant LERS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant LERS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. LERS, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Stidmon's agent, LASPD, told Defendant LERS to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant LERS violated § 1692c(c) of the FDCPA.

15. Defendant LERS's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Shirley Stidmon, prays that this Court:

1. Find that Defendant LERS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Stidmon, and against Defendant LERS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shirley Stidmon, demands trial by jury.

        Shirley Stidmon,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: August 23, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com